**Richard Perry LOVING and Mildred Jeter Loving, Plaintiffs,**

v.

**The COMMONWEALTH OF VIRGINIA et al., Defendants.**

**Civ. A. No. 4138.**

United States District Court
E. D. Virginia,
at Richmond.

Feb. 11, 1965.

Lainof, Cohen & Cohen, Bernard S. Cohen and Philip J. Hirschkop, Alexandria, Va., for plaintiffs.

Robert Y. Button, Atty. Gen. of Virginia, R. D. McIllwaine, III and Kenneth C. Patty, Asst. Attys. Gen. of Virginia, Richmond, Va., for defendants.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM.

### INTERLOCUTORY ORDER

Upon consideration of the pleadings, the stipulations of the evidence and the arguments of counsel on brief and orally, the Court finds:

1. That Richard Perry Loving, one of the plaintiffs herein, is a white person and a member of the Caucasian race; that Mildred Jeter Loving, born Mildred Jeter, the other plaintiff herein, is a colored person and a member of the Negro race; that the plaintiffs prior to June 2, 1958 resided and were domiciled in the State of Virginia; that on June 2, 1958 they went to the District of Columbia for the purpose of being married and intending to return thereafter to the State of Virginia, to reside and cohabit there as man and wife; that they were married in the District of Columbia on June 2, 1958; and that thereupon they returned to the State of Virginia, and there lived together as man and wife in Caroline County;

2. That on July 11, 1958 the plaintiffs were arrested, and at term of the Circuit Court of Caroline County in the following October they were indicted, for a felony, that is for conduct constituting a violation of § 20–58 of the Code of Virginia, 1950, which reads as follows:

"§ 20–58. *Leaving State to evade law.*—If any white person and colored person shall go out of this State, for the purpose of being married, and with the intention of returning, and be married out of it, and afterwards return to and reside in it, cohabiting as man and wife, they shall be punished as provided in § 20–59, and the marriage shall be governed by the same law as if it had been solemnized in this State. The fact of their cohabitation here as man and wife shall be evidence of their marriage."

3. That on January 6, 1959 the plaintiffs, appearing with counsel, each entered a plea of guilty to the indictment, the Court accepted the pleas and "fix[ed] the punishment of both accused at one year each in jail", but the Court suspended "said sentence for a period of twenty-five years upon the provision that both accused leave Caroline County and the State of Virginia at once and do not return together or at the same time to said County and state for a period of twenty-five years"; and that the plaintiffs then were released "from custody and further recognizance";

4. That after their conviction and release as aforesaid, on January 6, 1959, the plaintiffs did not return to the State of Virginia together or at the same time until after the commencement of the present action, but meanwhile on November 6, 1963 they filed a motion in the said criminal proceeding in the Circuit Court of Caroline County to vacate the said judgment of conviction and to set aside the suspended sentence; that in respect to the suspension, the grounds of the motion were that the condition of the suspension imposed a cruel and unusual punishment within the prohibition of § 9 of the Constitution of Virginia, that the period specified in the condition exceeded the limits permitted by the probation statute, § 53–272 of the Code of Virginia of 1950, as amended, and that the condition constituted a banishment in violation of due process of law; and that in respect to the judgment, the motion stated it was based on a statute invalid under the Fourteenth Amendment of the Constitution of the United States because the statute denied the plaintiffs the equal protection of the laws and the "right of marriage" and the sentence worked an undue hardship upon the plaintiffs by "preventing them from together visiting their families from time to time as may be desirable and necessary";

5. That shortly after its filing the said motion was heard by the Circuit Court of Caroline County; and that in November or December 1963, the Judge of the Circuit Court, the Honorable Leon M. Bazile, who originally passed the judgment and sentence upon the plaintiffs and is a defendant here, rendered a memorandum opinion indicating the intention of the Court to deny the motion;

6. That after the filing of the memorandum opinion the plaintiffs took no further action until October 28, 1964 when they filed the present suit in this court, as a "class action", to have the court declare that the Virginia statutes, designated §§ 20–50 to 20–60 inclusive, Code of Virginia, 1950, prohibiting the intermarriage of white and colored persons, are invalid as in violation of the Fourteenth Amendment, and to restrain the enforcement of these statutes generally but particularly against the plaintiffs under the said judgment and sentence;

7. That while this suit stood set for hearing on February 3, 1965, an order was entered by the Circuit Court of Caroline County on January 22, 1965 denying the said motion filed therein on November 6, 1963; that the plaintiffs are now residing and cohabiting in Caroline County, Virginia; and that they are immediately threatened with deprivation of their liberty through enforcement of the said judgment and sentence;

8. That in the present suit the Commonwealth of Virginia has moved to be dismissed as a party defendant because it is a sovereign and has not consented to be sued herein, and the Attorney General of Virginia has also moved to be dismissed as a party defendant for the reason that under the State law he does not have the duty of enforcing the said statutes; and

9. That all of the defendants including the Commonwealth's Attorney of Caroline County, who is the State prosecutor, and the Honorable Leon M. Bazile, Circuit Judge as aforesaid, have seasonably and appropriately sought dismissal of this suit on the ground that no such irreparable injury is threatened the plaintiffs as would entitle them to an injunction, because the plaintiffs may, and should be required to, assert the alleged invalidity of the said statutes, judgment and sentence by way of defense to the enforcement of said judgment and sentence in the State courts.

## CONCLUSIONS OF THE COURT

On consideration of their motions, the court holds that the Commonwealth of Virginia and Robert Y. Button, Attorney General of Virginia, should be dismissed as defendants herein.

Upon the facts, found as aforesaid, the court is of the opinion that it has jurisdiction of the present suit; that because of the imminent threat of imprisonment, the plaintiffs are entitled to have the is-

sue of the validity of the said statutes, judgment and sentence forthwith decided in the State courts in the said criminal proceeding or by the Federal courts in this suit; that in view of the immediate pendency in the Circuit Court of Caroline County of the said criminal proceeding, comity requires that this court accede to the request of the defendant State officials to stay this suit for a reasonable time to allow the Commonwealth of Virginia and the plaintiffs herein to have the State courts determine in the said criminal proceeding the enforceability of the said judgment and sentence, and thus decide the issue of the validity of said statutes; and that this court should not now award an injunction pendente lite against the enforcement of the judgment and sentence; but that in lieu of such an injunction, in the event the plaintiffs are taken into custody in the enforcement of the said judgment and sentence, this court, under the provisions of title 28, section 1651, United States Code, should grant the plaintiffs bail in a reasonable amount during the pendency of the State proceedings in the State courts and in the Supreme Court of the United States, if and when the case should be carried there; and that if the Commonwealth of Virginia fails to submit the said issue of the validity of said statutes, judgment and sentence for decision to the State courts promptly, or if the State courts for any reason rule that they cannot or should not decide such issue, then the plaintiffs may again apply to this court to hear and determine said issue; and that if through fault of the plaintiffs the said issue is not or cannot be decided by the State courts, then the defendants may apply to this court for dismissal of this suit.

Accordingly it is now by the court

ORDERED:

(a) That the Commonwealth of Virginia and the Attorney General of Virginia be, and each of them is hereby, dismissed as defendants to this action;

(b) That the preliminary injunction herein sought by the plaintiffs be, and it is hereby, denied at this time;

(c) That the further hearing of this suit be continued until the parties have a reasonable time to have the said issue decided in the said criminal proceeding, but the continuance is subject to the right of the plaintiffs to again apply to this court to hear and determine said issue if, through no fault of theirs, the State courts for any reason rule they cannot or should not decide said issue; and upon the right of the defendants to again apply to this court for dismissal of the suit upon the failure or refusal of the plaintiffs to timely submit said issue to the State courts for final determination;

(d) That this court retain jurisdiction of this action for the consideration of such matters, and the entry of such orders, as may hereafter be necessary.